UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES B.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. C19-1298 TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his June 8, 2016 application for supplemental security income benefits.[1] The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

Plaintiff alleged a disability onset date of July 1, 1995. AR 28. The ALJ found that plaintiff had severe impairments of posttraumatic stress disorder, depressive disorder, opiate use disorder in early remission, alcohol use disorder in early remission, and right hand arthritis. AR 16. But the ALJ found (at step five of the sequential evaluation) that plaintiff was not disabled. AR 27-28.

---

[1] Plaintiff also filed an application for disability insurance benefits, but that application is not before the Court, since plaintiff amended his alleged disability onset date to June 8, 2016 -- after his date last insured. *See* AR 13; Pl. Op. Br. (Dkt. # 10) at 1 n.1.

1

## I.    ISSUES FOR REVIEW

2    1.    Whether the ALJ harmfully erred in rejecting plaintiff's testimony.

3    2.    Whether the ALJ harmfully erred in rejecting the opinions of examining

4   psychologists William Wilkinson, Ed.D., Richard Washburn, Ph.D., and David Widlan,

5   Ph.D.

6    ## II.    DISCUSSION

7    The Court will uphold an ALJ's decision unless: (1) the decision is based on legal

8   error, or (2) the decision is not supported by substantial evidence. *Ford v. Saul,* 950

9   F.3d 1141, 1153–54 (9th Cir. 2020) (citing *Tommasetti v. Astrue,* 533 F.3d 1035, 1038

10  (9th Cir. 2008)). Substantial evidence is "'such relevant evidence as a reasonable mind

11  might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct.

12  1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

13  This requires "more than a mere scintilla," of evidence. *Id.* The Court must consider the

14  administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir.

15  2014). It must weigh both the evidence that supports, and evidence that does not

16  support, the ALJ's conclusion. *Id.*

17   The Court considers in its review only the reasons the ALJ identified and may not

18  affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of

19  administrative law require us to review the ALJ's decision based on the reasoning and

20  actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit

21  what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554

22  F.3d 1219, 1225–26 (9th Cir. 2009) (citations omitted).

23

24

25

1

**A.      The ALJ Harmfully Erred in Discounting Plaintiff's Testimony**

2

In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

3

*v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

4

there is objective medical evidence of an underlying impairment that could reasonably

5

be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

6

F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied and there is no evidence of

7

malingering, the second step allows the ALJ to reject the claimant's testimony of the

8

severity of symptoms if the ALJ provides specific findings and clear and convincing

9

reasons for rejecting the claimant's testimony. *Id.*

10

Plaintiff testified he has pain in his ankle and wrist that prevents him from

11

working. *See* AR 49–50, 54, 271, 276. He testified he "probably could" stand and walk

12

for eight hours in an eight-hour day. AR 50. He testified he could not use his right wrist

13

at all during an eight-hour day. *See* AR 50–51, 276. Plaintiff testified he worked at a

14

warehouse for two days stacking six packs of pop on pallets, but was only able to do it

15

because he was taking oxycodone. AR 51–52. Plaintiff testified he has trouble

16

remembering things and focusing due to anxiety. *See* AR 53–56, 271, 277.

17

The ALJ found plaintiff's medically determinable impairments could cause some

18

of the symptoms he alleged. AR 19. The ALJ determined, however, that plaintiff's

19

testimony regarding the severity of his symptoms was "not entirely consistent with the

20

medical evidence and other evidence in the record." *Id.* The ALJ determined plaintiff's

21

testimony was inconsistent with the medical record and undermined by inconsistencies

22

in his statements. AR 20–21.

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The ALJ, addressing plaintiff's claims of mental impairment, rejected plaintiff's testimony because he received little treatment and endorsed only mild symptoms. AR 20. The ALJ erred in reaching these conclusions. First, the Ninth Circuit has "particularly criticized the use of a lack of treatment to reject mental complaints because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–1300 (9th Cir. 1999) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)).

Second, the ALJ failed to identify what further mental health treatment plaintiff would be expected to receive if his symptoms were as severe as alleged. As the ALJ acknowledged, plaintiff took medication for his mental symptoms throughout the alleged disability period. *See* AR 20. And the ALJ has not identified anything in the record showing plaintiff was advised to seek more frequent counseling. Because an ALJ is not qualified as a medical expert, they are not allowed to consider medical knowledge that exists outside the record and make an independent medical exploration and assessment as to the condition of a claimant. *Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir. 1975). The ALJ lacked substantial evidence from which to conclude plaintiff should have had further treatment if his conditions were as severe as alleged.

Third, the ALJ did not accurately represent the record when stating plaintiff reported only mild symptoms. *See* AR 20. An ALJ "cannot simply pick out a few isolated instances" of medical health that support his conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of [his] symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir.

2016). Plaintiff endorsed mild mental health symptoms on the one occasion the ALJ cited. *See* AR 20, 645–47. But plaintiff endorsed moderate and more substantial symptoms on multiple other occasions. *See, e.g.*, AR 450, 456, 596, 608, 613, 616, 629, 635–37, 696, 699, 702, 704. The ALJ thus erred in rejecting plaintiff's allegations of mental impairment based on his receipt of minimal treatment and endorsement of only mild symptoms.

Addressing plaintiff's claims of physical impairment, the ALJ rejected plaintiff's testimony because he had "not availed himself of [non-narcotic] treatment options despite being referred to orthopedics on multiple occasions," and he had been able to perform some work activity, such as dishwashing and janitor work. AR 20.

The ALJ erred in rejecting plaintiff's claims of physical impairment based on failure to follow through with non-narcotic treatment. An ALJ may reject a claimant's testimony based on failure to seek or comply with treatment -- but must consider any proffered reasons for not doing so. *See Molina v. Astrue*, 674 F.3d 1104, 1113–14 (9th Cir. 2012). The ALJ's primary focus here was on plaintiff's failure to have surgery on his wrist. *See* AR 20. The record shows the plaintiff's wrist fracture dates back to at least August 2013. AR 437. Plaintiff went back and forth on whether to have surgery on his wrist because he was told it would permanently limit mobility in his wrist. *See* AR 777, 786. The ALJ did not address this, and thus erred in rejecting plaintiff's claims of wrist impairment based on failure to follow through with non-narcotic treatment.

The ALJ further erred in rejecting plaintiff's physical symptom testimony based on his work as a dishwasher and janitor. Although such work could potentially contradict plaintiff's testimony, the ALJ did not address the length and type of work plaintiff

1  performed, and the record does not contain that information. *See* AR 45. The ALJ's

2  determination that plaintiff's testimony was contradicted by his work as a dishwasher

3  and janitor is thus not supported by substantial evidence in the record, and the ALJ

4  erred. *See Trevizo*, 871 F.3d at 676 (holding the ALJ erred when rejecting claimant's

5  testimony based on childcare activities when there was "almost no information in the

6  record about Trevizo's childcare activities").

7         The ALJ also rejected plaintiff's overall symptom testimony based on

8  inconsistencies in plaintiff's statements throughout the record. AR 20–21. The

9  inconsistences identified are not clear and convincing, however, particularly in light of

10  plaintiff's mental illness, and the ALJ's other errors in evaluating plaintiff's testimony.

11  *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding that "one weak

12  reason," even if supported by substantial evidence, "is insufficient to meet the 'specific,

13  clear and convincing' standard" for rejecting a claimant's testimony) (quoting *Molina*,

14  674 F.3d at 1112). The ALJ identified one inconsistent statement regarding whether

15  plaintiff attended special education, a fact with marginal relevance to plaintiff's

16  allegations of impairment. *See* AR 264. The ALJ noted some discrepancies in plaintiff's

17  reporting of alcohol and drug use, but none so obvious as to show clear contradiction,

18  or to cast doubt on the cause of plaintiff's impairments. *See* AR 561, 580, 639, 699,

19  714–15, 783, 816, 819–20. The ALJ lastly misstated plaintiff's testimony regarding his

20  relationship with his fiancée. Plaintiff testified his fiancée had cancer, but he did not

21  know what kind or what limitations it caused. *See* AR 39–42. Plaintiff did not testify he

22  took care of his fiancée, so whether she had cancer, and whether plaintiff knew what

23  type of cancer it was, is of marginal relevance. *See id.*

24

25

In sum, the ALJ failed to give clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of his mental and physical symptoms. The ALJ therefore harmfully erred.

**B.     The ALJ Partially Erred in Evaluating the Medical Evidence**

An ALJ must provide "clear and convincing" reasons for rejecting an examining doctor's uncontradicted opinions. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). When the doctor's opinions are contradicted, the ALJ must provide "specific and legitimate reasons" for rejecting them. *Id.* at 830–31. The opinions of Dr. Wilkinson, Dr. Washburn, and Dr. Widlan are partly contradicted by the opinions of John Gilbert, Ph.D., and Carla Van Dam, Ph.D., so the specific and legitimate standard applies. *See* AR 87–88, 107.

1.     The ALJ Partially Erred in Rejecting Dr. Wilkinson's Opinions

a.     *The ALJ Reasonably Rejected Dr. Wilkinson's February 2010 Opinions*

Dr. Wilkinson first examined plaintiff in February 2010. *See* AR 595–606. Dr. Wilkinson did not review any medical records as part of his evaluation. AR 595. Dr. Wilkinson opined plaintiff had mild to moderate limitations in most areas of cognitive and social functioning. *See* AR 598. But he opined plaintiff's limitations would only last three months. AR 599.

The ALJ gave Dr. Wilkinson's February 2010 opinions little weight. AR 23. The ALJ noted Dr. Wilkinson's opinions would only be in effect for three months maximum, and vocational training may minimize or eliminate plaintiff's employment barriers. *Id.* The ALJ further reasoned these opinions were inconsistent with longitudinal record, they were based on only one brief examination, Dr. Wilkinson did not review any

1   records prior to offering his opinions, and he was not an expert in Social Security

2   disability evaluations. *See id.*

3       The ALJ did not err in rejecting Dr. Wilkinson's February 2010 opinions based on

4   their very limited duration. An ALJ may reject an examining doctor's opinions when it

5   does not address the claimant's long-term functioning. *See Carmickle v. Comm'r, Soc.*

6   *Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

7       The ALJ's other reasons are erroneous, but are harmless. "[A]n error is harmless

8   so long as there remains substantial evidence supporting the ALJ's decision and the

9   error 'does not negate the validity of the ALJ's ultimate conclusion.'" *See Molina v.*

10  *Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Batson v. Comm'r of Soc. Sec.*

11  *Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Whether or not Dr. Wilkinson's opinions

12  are inconsistent with the medical evidence does not change the fact that his opinions

13  rendered in February 2010 were limited to a three-month period. The ALJ therefore did

14  not harmfully err in rejecting these opinions.

15          b.      *The ALJ Erred by Rejecting Dr. Wilkinson's November 2010*
                    *Opinions, Citing Reasons Unsupported by Substantial Evidence*
16

17      Dr. Wilkinson examined plaintiff again in November 2010. *See* AR 615–25. Dr.

18  Wilkinson again reported he did not review any medical records. AR 615. He opined

19  plaintiff had moderate limitations in all areas of cognitive and social functioning. *See* AR

20  618–19. Dr. Wilkinson opined plaintiff's limitations would last for six months. AR 618.

21      The ALJ rejected Dr. Wilkinson's November 2010 opinions because "even

22  considering Dr. Wilkinson's [February 2010] opinion, Dr. Wilkinson only opined a total of

23  nine months total for limitations, which is not fully consistent with the longitudinal record

24  showing problems last for at least twelve months in duration during the period at issue."

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

1    *See* AR 24. The ALJ further rejected Dr. Wilkinson's opinions because he "did not

2    review any collateral objective medical evidence prior to offering his November 2010

3    opinions." *Id.*

4          The ALJ's first reason for rejecting Dr. Wilkinson's opinions fails because it does

5    not establish what is inaccurate about the functional limitations stated. The ALJ

6    essentially stated the overall record showed the limitations to which Dr. Wilkinson

7    opined would last longer than the time Dr. Wilkinson opined. Rejecting the time

8    limitation was not a specific and legitimate reason to discount the doctor's functional

9    limitation opinions, because the ALJ did not have substantial evidence upon which to

10   base this reason. Because the ALJ's explanation did not provide a supported reason for

11   rejecting Dr. Wilkinson's November 2010 opinions regarding plaintiff's functioning, the

12   ALJ erred.

13         The ALJ further erred in rejecting Dr. Wilkinson's November 2010 opinions on the

14   basis that he failed to review any collateral objective medical evidence prior to offering

15   his opinions. The ALJ has not identified what other evidence Dr. Wilkinson should have

16   reviewed that may have undermined or contradicted his conclusions. *See* AR 24. The

17   reviewing court is not required to "comb the administrative record" to find evidentiary

18   conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ therefore failed

19   to give specific and legitimate reasons for rejecting Dr. Wilkinson's November 2010

20   opinions. The ALJ thus harmfully erred in rejecting those opinions.

21         2.    <u>The ALJ Did Not Harmfully Err in Rejecting Dr. Washburn's Opinions</u>

22         Dr. Washburn examined plaintiff in May 2010. *See* AR 607–14. Dr. Washburn

23   reviewed Dr. Wilkinson's February 2010 exam, but did not review any other records. AR

24

25

607. Dr. Washburn opined plaintiff was markedly limited in his abilities to: Appropriately

relate to coworkers and supervisors; appropriately respond to and tolerate the

pressures of a normal work setting; and maintain appropriate behavior in such a setting.

AR 610. Dr. Washburn opined these limitations would persist for six years. AR 611.

The ALJ rejected Dr. Washburn's opinions because they were not fully supported

by or inconsistent with the overall medical evidence and Dr. Washburn's own findings.

AR 23. The ALJ further reasoned Dr. Washburn performed only one brief exam, did not

review any records other than Dr. Wilkinson's February 2010 opinions, and was not an

expert in social security disability evaluations. *Id.*

The ALJ did not err in rejecting Dr. Washburn's opinions as not fully supported by

his exam findings. An ALJ may discount a doctor's opinions when they are inconsistent

with or unsupported by the doctor's own clinical findings. *See Tommasetti v. Astrue*, 533

F.3d 1035, 1041 (9th Cir. 2008). As the ALJ noted, plaintiff demonstrated adequate

abstract reasoning and fair practical judgment—as well as adequate auditory

concentration, adequate ability to follow directions, and average intelligence—but Dr.

Washburn opined plaintiff did not have adequate coping skills for employment. *See* AR

23, 614. Absent an explanation from Dr. Washburn, the ALJ reasonably concluded

plaintiff's relatively normal performance on exam did not support Dr. Washburn's

opinions of marked limitations.

Much like the ALJ's analysis of Dr. Wilkinson's opinions, the ALJ's analysis of Dr.

Washburn's opinions was not free from error, but those errors were harmless. *See*

*Molina*, 674 F.3d at 1115. Dr. Washburn's opinions were not supported by his own

exam findings regardless of the fact that, for example, the ALJ erroneously rejected Dr.

1   Washburn's opinions as based on a single exam. The ALJ therefore did not harmfully

2   err in rejecting Dr. Washburn's opinions.

3          3.     The ALJ Did Not Harmfully Err in Rejecting Dr. Widlan's Opinions

4          Dr. Widlan examined plaintiff in September 2014. *See* AR 626–37. Dr. Widlan

5   noted he did not review any medical records as part of his examination. AR 626. Dr.

6   Widlan opined plaintiff had marked limitations in his ability to adapt to changes in a

7   routine work setting, communicate and perform effectively in a work setting, and

8   complete a normal workday and week without interruptions from his psychologically

9   based symptoms. AR 628. Dr. Widlan opined these limitations would last six to 12

10  months. *Id.*

11         Dr. Widlan examined plaintiff again in June 2016. *See* AR 638–47. Dr. Widlan

12  again reported he did not review any records, other than his own September 2014

13  evaluation. AR 628. He opined plaintiff had the same marked limitations as he had in

14  September 2014. *See* AR 640.

15         The ALJ rejected Dr. Widlan's opinions from both of his exams. *See* AR 24–25.

16  The ALJ reasoned these opinions were inconsistent with the longitudinal evidence and

17  Dr. Widlan's own exam findings. *Id.* The ALJ further reasoned Dr. Widlan's opinions

18  were based on a one-time exam, and relied too heavily on plaintiff's self-reports. *Id.* The

19  ALJ last rejected Dr. Widlan's opinions because he was not an expert in social security

20  disability evaluations. *Id.*

21         The ALJ did not err in rejecting Dr. Widlan's opinions as not fully supported by his

22  own exam findings. *See Tommasetti*, 533 F.3d at 1041. As with Dr. Washburn, the ALJ

23  noted Dr. Widlan's findings on exam in 2014 and 2016 showed relatively normal

24

25

functioning, including normal memory, concentration, abstract reasoning. *See* AR 24, 629–30, 641–42. Without some explanation from Dr. Widlan as to what else in his exams supported marked limitations, the ALJ reasonably concluded Dr. Widlan's opinions were inadequately supported by his own exam findings.

The ALJ's analysis was not free from error, but these errors were harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Dr. Widlan's opinions were not supported by his exam findings even though the ALJ erroneously rejected Dr. Widlan's opinions based on his alleged lack of expertise with social security disability evaluations. The ALJ therefore did not harmfully err in rejecting Dr. Widlan's opinions.

**C.     Remand with Instructions for Further Proceedings**

Plaintiff asks the Court to remand this matter for further administrative proceedings. Dkt. # 10 at 15. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). The Court agrees remand for further proceedings is the appropriate remedy.

On remand, the ALJ shall reevaluate plaintiff's testimony regarding the severity of his physical and mental symptoms, and reevaluate Dr. Wilkinson's November 2010 opinions. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

II.   <u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 16th day of November, 2020.


Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 13